940 F.2d 677
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
J.D. Keith PALMER, M.D., Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-3104.
 United States Court of Appeals, Federal Circuit.
 July 17, 1991.
 
 Before RICH, PAULINE NEWMAN and ARCHER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Dr. J.D. Keith Palmer appeals the decision of the Merit Systems Protection Board, Docket No. PH122190WO437, dismissing his Individual Right of Action appeal of the termination of his employment by the Department of Veterans Affairs, Veterans Health Services and Research Administration, brought under the Whistleblower Protection Act of 1989. We affirm.
 
 OPINION
 
 2
 The Whistleblower Protection Act of 1989 provides for appeal to the Merit Systems Protection Board (MSPB) in reprisal cases. 5 U.S.C. Sec. 1221. As a transition provision, Congress provided that those employees against whom proceedings were pending on the effective date of the Act (July 9, 1989) would be unaffected by the Act. Pub.L. No. 101-12, Sec. 7(b) (April 10, 1989), codified at 5 U.S.C. Sec. 1201 note.
 
 
 3
 By letter dated February 15, 1989, Dr. Palmer's removal on charges of sexual harassment and failure to obey the orders of a supervisor was proposed by the Associate Deputy Chief Medical Director of the Veterans Health Services and Research Administration. On May 2-4, 1989 a Disciplinary Board was convened, at Dr. Palmer's request and in accordance with the agency's rules, to conduct a hearing on the proposed discharge. The Disciplinary Board reviewed the investigation record and heard the testimony of witnesses. The Board found that the evidence sustained the charges, and recommended that Dr. Palmer be discharged. By letter dated October 4, 1989 from the Chief Medical Director of the Department, Dr. Palmer was informed of the Disciplinary Board's action, and that he would be discharged effective October 13, 1989. Dr. Palmer appealed to the Secretary of Veterans Affairs, who affirmed the discharge on January 16, 1990. On these facts, the statutory criterion of "administrative proceeding pending" was met as of July 9, 1989. Thus the MSPB correctly ruled that Dr. Palmer was not entitled to an Individual Right of Action appeal under the Whistleblower Protection Act of 1989. Since no other statute provides MSPB jurisdiction, the MSPB correctly dismissed the appeal.
 
 
 4
 Dr. Palmer, appearing pro se, requests our appellate review under any other statute. However, since he has no right to appeal to the MSPB under the Whistleblower Protection Act or the Civil Service Reform Act, there is no path to the Federal Circuit. See United States v. Fausto, 484 U.S. 439 (1988); 5 U.S.C. Sec. 7701(a).